# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LaSonya Taylor, | ) |
|     Plaintiff. | ) |
| v. | ) Case No: |
| Little Sisters of the Poor | ) |
| d/b/a Jeanne Jugan Center | ) |
|     Serve: | ) |
|     Sr. Rose Marie Maycock | ) |
|     8745 James A Reed Road | ) |
|     Kansas City, Missouri 64138 | ) |
|     Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LaSonya Taylor, pursuant to the Americans with Disabilities Act, as amended in 2008 ("ADA" / "ADAAA"), 42 U.S.C. §12101 *et seq*., brings the following Complaint against Defendant Little Sisters of the Poor and alleges the following:

## PARTIES

1. Plaintiff LaSonya Taylor (hereinafter referred to as "Plaintiff") is currently a resident of Jackson County, Missouri. At all times relevant hereto, Plaintiff was employed at Defendant's long-term healthcare facility (commonly known as the "Jeanne Jugan Center").

2. Defendant Little Sisters of the Poor (hereinafter referred to as "Defendant") owns and operates a long-term healthcare facility in Jackson County, Missouri at 8745 James A. Reed Road, Kansas City, Missouri 64138.

## JURISDICTION AND VENUE

3.      Jurisdiction in this Court is proper against Defendant pursuant to 28 U.S.C. §§ 1331 and 1343 because the acts complained arise under the ADA/ADAAA thereby invoking federal question subject matter jurisdiction.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within this District in Kansas City, Missouri.

5.      On September 13, 2019 Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon disability.  A true and accurate copy of the Charge of Discrimination (EEOC #563-2019-03097) against Defendant is attached hereto as **Exhibit "A"**.

6.      On November 8, 2019 Plaintiff filed an amended Charge of Discrimination (EEOC #563-2019-03097) against Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging further discrimination based upon associational disability.  A true and accurate copy of the amended Charge of Discrimination against Defendant is attached hereto as **Exhibit "B"**.

7.      The aforesaid Charge of Discrimination (and amended Charge of Discrimination) provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial compliant may be and is a broad scope of the EEOC investigation, which could reasonably be expected to have grown out of the charge.

8.      On or about November 13, 2019, the EEOC issued Plaintiff Taylor her Notice of Right to Sue pertaining to her complaint (and amended complaint) of discrimination on Charge Number 563-2019-03097.

9. A true and accurate copy of Plaintiff Taylor's Notice of Right to Sue Letter dated November 13, 2019 is attached hereto as **Exhibit "C"**.

10. Plaintiff Taylor has filed her lawsuit within 90 days of her receipt of her "Dismissal and Notice of Rights" letter from the EEOC.

11. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## STATEMENT OF FACTS

12. Plaintiff hereby incorporated by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

13. Plaintiff began her employment with Defendant on October 24, 2018 as a Certified Nursing Assistant at Defendant's long-term care facility in Jackson County, Missouri.

14. Plaintiff performed her job duties satisfactorily or better at all times relevant hereto during her employment with Defendant.

15. In 2019, at all times relevant hereto, Plaintiff's supervisor was Assistant Administrator Phyllis Schapke.

16. Schapke was an employee or agent of Defendant.

17. In 2019, at all times relevant hereto, Defendant's Human Resources Director was Kim LeSage. LeSage was in a supervisory position over Plaintiff.

18. LeSage was an employee or agent of Defendant.

19. Plaintiff has been diagnosed with Emphysema and, at times, has difficulty breathing. Emphysema is a disability within the meaning of Section 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

3
Case 4:20-cv-00088-DGK   Document 1   Filed 02/10/20   Page 3 of 17

20. While employed by Defendant, Plaintiff was on a scheduled vacation in Florida, which Defendant approved, from July 16, 2019 until July 22, 2019.

21. On Monday, July 22, 2019 (the last day of Plaintiff's vacation), Plaintiff became ill and was hospitalized at St. Mary's Medical Center in West Palm Beach, Florida because her lung collapsed due to her Emphysema. Plaintiff dutifully contacted Schapke on the morning of July 23rd because she was scheduled to work the night shift on the 23rd. Plaintiff disclosed her hospitalization and Emphysema to Schapke and, as such, Defendant was aware of Plaintiff's disability/perceived disability.

22. On or about July 25, 2019, while still hospitalized, Plaintiff updated LeSage on her hospitalization because she was concerned Defendant would fire her. LeSage reassured Plaintiff not to worry.

23. On or about July 27, 2019, while still hospitalized, Plaintiff informed Schapke that her physician expected her to be released from the hospital "pretty soon" and that she would be able to return to work.

24. At all times relevant hereto, Defendant had a non-FMLA leave policy for medical necessities, but denied Plaintiff's use of the policy, and instead fired Plaintiff.

25. Defendant failed to advise Plaintiff that she could have been entitled to leave under the ADA as a reasonable accommodation.

26. Defendant failed to advise Plaintiff that leave of any type, including its own leave policy, was an option for Plaintiff.

27. On or about Saturday, August 3, 2019, Plaintiff was released from the hospital in Florida. Plaintiff returned to her home in Grandview, Missouri around 3:00 a.m. on Monday, August 6, 2019.

28. Plaintiff went to Defendant the afternoon of Monday, August 6, 2019 to request that Defendant immediately place her back on the schedule to work. Instead, LeSage told Plaintiff she was waiting for Plaintiff to return to Kansas City to have "the talk" and fired Plaintiff.

29. At the time she met with LeSage on August 6th, Plaintiff was able to work. Plaintiff was hospitalized and unable to work for only less than two weeks because her Emphysema. Plaintiff's minimal leave from work during her hospitalization was a request for reasonable accommodation, and her conversations with Schapke and LeSage during her hospitalization were requests to enter into interactive discussions to request reasonable accommodations.

30. Plaintiff received a Missouri Service Letter from Defendant dated September 17, 2019. The Service Letter is attached hereto as **Exhibit "D"**.

31. In said Service Letter, Defendant told Plaintiff, "Your employment was terminated due to your inability to return to work as scheduled. You did not qualify for FMLA due to your length of employment."

32. After Plaintiff filed her initial charge of discrimination in September 2019, and in the course of the EEOC's investigation, Defendant suddenly changed its reason for firing Plaintiff. Defendant told the EEOC it had concerns about Plaintiff's attendance because she "failed to arrive to her shift on-time on numerous occasions." Attendance concerns were not in Defendant's Missouri Service Letter to Plaintiff.

33. During the time Defendant employed Plaintiff, she was a temporary caretaker for her cousin with schizophrenia. Plaintiff informed LeSage that, because she was her cousin's caretaker (who had a disability), she would occasionally be 30-60 minutes late for her shift. LeSage did not object to this, and she told Plaintiff that it was acceptable for her to be a little late for her shift.

34. Plaintiff was the victim of discriminatory conduct on the part of Defendant that was a continuing pattern of discrimination.

35. At all times relevant hereto, Defendant was aware of Plaintiff's disability/perceived disability and aware that Plaintiff was related to, and associated with, someone with a disability.

36. Plaintiff's Emphysema, and its symptoms, is a chronic medical condition that requires treatment by a health care provider.

37. Plaintiff suffers from Emphysema, which substantially limits one or more of her major life activities, including, but not limited to: breathing.

38. Plaintiff's termination occurred under circumstances raising a reasonable inference that the Plaintiff's own disability and/or the disability of Plaintiff's cousin were determining factors in the employer's decision.

## COUNT I
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADAAA

39. Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

40. Defendant is an "employer" as defined by Americans with Disabilities Act, as amended in 2008 ("ADA" / "ADAAA"), 42 U.S.C. §12101 *et seq*.

41. Plaintiff has disabilities, or is regarded as such, as defined by the Americans with Disabilities Act, to-wit:

    a. Plaintiff suffers from physical impairments, namely Emphysema, and accompanying pain and other symptoms from Emphysema, which substantially limit one or more of her major life activities, including, but not limited to: breathing;

    b. a record of such physical impairments; or,

c.  Defendant regarded Plaintiff as having such impairments.

42. Plaintiff is a qualified individual with a disability, or is regarded as such, as defined by the Americans with Disabilities Act. Plaintiff, with or without reasonable accommodation, was able to perform the essential functions of her employment with Defendant.

43. Following Plaintiff's hospitalization in 2019, and knowing of her medical condition, Defendant did not discuss with Plaintiff whether she needed a reasonable accommodation.

44. Defendant engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff.

45. As a direct and proximate result of Defendant's violation of the ADA, as aforestated, Plaintiff has suffered mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so in the future.

46. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff respectfully prays that this Court find in favor of Plaintiff and against Defendant in the form of the order of this Court: (1) declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. Section 12101 et seq., (2) award Plaintiff all lost wages, past and future, to which she is entitled, (3) award Plaintiff all compensatory, punitive, and exemplary damages, (4) award Plaintiff all expenses and attorneys' fees, with interest at the highest lawful rate, and (5) award any other relief as this Court deems just and proper.

## COUNT II
## DISCRIMINATION IN VIOLATION OF THE ADAAA

47. Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

48. Defendant is an "employer" as defined by Americans with Disabilities Act, as amended in 2008 ("ADA" / "ADAAA"), 42 U.S.C. §12101 *et seq*.

49. Defendant subjected Plaintiff to disparate treatment and/or termination, as set forth herein, in whole or in part because of her disability, namely Emphysema, or regarded her as such, said acts being made unlawful by the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq*. ("ADA" / "ADAAA").

50. Defendant violated the aforementioned ADA, inter alia, by subjecting Plaintiff to disparate treatment based on her disability and/or requests for accommodation and terminating Plaintiff's employment.

51. Defendant engaged in said discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff.

52. As a direct and proximate result of Defendant's violation of the ADA, as aforestated, Plaintiff has suffered mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so in the future.

53. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff respectfully prays that this Court find in favor of Plaintiff and against Defendant in the form of the order of this Court: (1) declare that the aforementioned

practices and actions of Defendant constitute unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. Section 12101 *et seq*., (2) award Plaintiff all lost wages, past and future, to which she is entitled, (3) award Plaintiff all compensatory, punitive, and exemplary damages, (4) award Plaintiff all expenses and attorneys' fees, with interest at the highest lawful rate, and (5) award any other relief as this Court deems just and proper.

## COUNT III
## ASSOCIATIONAL DISCRIMINATION IN VIOLATION OF THE ADAAA

54. Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

55. Defendant is an "employer" as defined by Americans with Disabilities Act, as amended in 2008 ("ADA" / "ADAAA"), 42 U.S.C. §12101 *et seq*.

56. Defendant subjected Plaintiff to disparate treatment, as set forth herein, in whole or in part because it knew of Plaintiff's relationship or association with an individual with a disability, namely schizophrenia, said acts being made unlawful by the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq*. ("ADA" / "ADAAA").

57. Defendant violated the aforementioned ADA, inter alia, by terminating Plaintiff's employment because she was associated with a person, her cousin, whom Defendant knew had a disability and/or regarded as having a disability in violation of Sections 102(a) and 102(b)(4) of the ADA, 42 U.S.C. Sections 12112(a) and 12112(b)(4).

58. Defendant engaged in said discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff.

59. As a direct and proximate result of Defendant's violation of the ADA, as aforestated, Plaintiff has suffered mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so in the future.

60. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff respectfully prays that this Court find in favor of Plaintiff and against Defendant in the form of the order of this Court: (1) declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. Section 12101 *et seq.*, (2) award Plaintiff all lost wages, past and future, to which she is entitled, (3) award Plaintiff all compensatory, punitive, and exemplary damages, (4) award Plaintiff all expenses and attorneys' fees, with interest at the highest lawful rate, and (5) award any other relief as this Court deems just and proper.

## **PRAYER**

As a result of this retaliatory termination, Plaintiff LaSonya Taylor has been damaged, sustaining economic loss as well as humiliation, embarrassment, and emotional distress, and as a proximate result of Defendant's termination, her reputation as a faithful, hardworking, loyal, and diligent employee has been irreparably damaged.

The conduct of Defendant Little Sisters of the Poor's wrongful termination of Plaintiff constitutes a willful, wanton, and malicious act.

WHEREFORE, Plaintiff prays for judgment against the Defendant in excess of $75,000 for:

a. Back pay and value of benefits from date of termination;

b. Future loss of pay and benefits from date of termination;

c. Compensating damages for the loss of Plaintiff's reputation;

d. Damages for mental anguish, humiliation and embarrassment;

e. Any other damages allowed by law;

f. Punitive damage;

g. Attorneys' fees, costs for this action, and for such other and further relief as the court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Respectfully Submitted,

/s Daniel J. Voss
Daniel J. Voss, Attorney at Law
MO Bar #49246
4723 Terrace Street
Kansas City, Missouri 64112
TEL: (816) 522-3536
dan@danvosslaw.com
**ATTORNEY FOR PLAINTIFF**

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 563-2019-03097 |

Missouri Human Rights Commission and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| LaSonya Taylor | [redacted] |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| [redacted] | [redacted] | [redacted] |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Little Sisters of the Poor d/b/a Jeanne Jugan Center | >15 | (816) 761-4744 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 8745 James A. Reed Rd. | Kansas City, MO 64138 | Jackson (MO) |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ AGE
☐ RETALIATION ☐ NATIONALITY ORIGIN ☒ DISABILITY ☐ PREGNANCY

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): 7/22/19
LATEST (ALL): 8/6/19

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I am a 40-year-old citizen of the State of Missouri. I began my employment with Little Sisters of the Poor--Jeanne Jugan Center ("Sisters") on October 24, 2018 as a Certified Nursing Assistant at their long-term care facility in Kansas City, Missouri. I was able to perform all of my job duties. I was away from work on a scheduled vacation from July 16, 2019 until July 22, 2019 in Florida, and I was scheduled to return to work the night shift on Tuesday, July 23rd.

On the last day of my vacation, Monday, July 22nd, I was hospitalized at St. Mary's Medical Center in West Palm Beach, Florida because my lung collapsed from Emphysema. On the morning of July 23rd, I contacted Phyllis Schapke (Assistant Administrator/Staffing Coordinator) and told her that I was hospitalized and unable to work my scheduled night shift.

On July 25th, I updated Kim Lesage (Human Resources Director) about my condition because I was scared that I would lose my job, but she reassured me not to worry. On July 27th, I told Ms. Schapke that the doctor told me I would be discharged soon and that I'd be able to work with no restrictions. On Saturday, August 3rd, the doctor released me, and I returned to Grandview on Monday, August 6th around 3am. That afternoon on August 6th I went to work with the intention of being placed back on the schedule. Ms. Lesage told me she was waiting for me to get back to Kansas City to have "the talk". She fired me because I was not yet eligible for FMLA and because the Sisters could not hold my job open. My doctor in Florida released me to work with no restrictions, but Ms. Lesage never even gave me to opportunity to show her my hospital discharge papers. I was ready to work. I was unable to work for less than two weeks because of Emphysema. I believe that I have been discriminated against because of my Emphysema in violation of the Americans with Disabilities Act of 1990, as amended; and in violation of the Missouri Human Rights Act.

XX I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 9/12/19 *Charging Party (Signature)*

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EXHIBIT A

2019 SEP 13 AM 8:47

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 563-2019-03097 (Amended) |

Missouri Human Rights Commission and EEOC
*State or local Agency, if any*

**NAME** (Indicate Mr., Ms., Mrs.): LaSonya Taylor

**HOME TELEPHONE** (Include Area Code): [redacted]

**STREET ADDRESS:** [redacted]

**CITY, STATE AND ZIP CODE:** [redacted]

**DATE OF BIRTH:** [redacted]

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME:** Little Sisters of the Poor d/b/a Jeanne Jugan Center

**NUMBER OF EMPLOYEES, MEMBERS:** >15

**TELEPHONE** (Include Area Code): (816) 761-4744

**STREET ADDRESS:** 8745 James A. Reed Rd.

**CITY, STATE AND ZIP CODE:** Kansas City, MO 64138

**COUNTY:** Jackson (MO)

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ AGE
☐ RETALIATION ☐ NATIONALITY ORIGIN ☒ DISABILITY ☐ PREGNANCY

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA): 7/22/19
LATEST (ALL): 8/6/19

☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

See Attached.

XX I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 11/7/19
Charging Party (Signature): [signature]

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

2019 NOV -8 AM 7:29

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EXHIBIT B

I am a 40-year-old citizen of the State of Missouri. I began my employment with Little Sisters of the Poor--Jeanne Jugan Center ("Sisters") on October 24, 2018 as a Certified Nursing Assistant at their long-term care facility in Kansas City, Missouri. I was able to perform all of my job duties. I was away from work on a scheduled vacation from July 16, 2019 until July 22, 2019 in Florida, and I was scheduled to return to work the night shift on Tuesday, July 23rd.

On the last day of my vacation, Monday, July 22nd, I was hospitalized at St. Mary's Medical Center in West Palm Beach, Florida because my lung collapsed from Emphysema. On the morning of July 23rd, I contacted Phyllis Schapke (Assistant Administrator/Staffing Coordinator) and told her that I was hospitalized and unable to work my scheduled night shift.

On July 25th, I updated Kim Lesage (Human Resources Director) about my condition because I was scared that I would lose my job, but she reassured me not to worry. On July 27th, I told Ms. Schapke that the doctor told me I would be discharged soon and that I'd be able to work with no restrictions. On Saturday, August 3rd, the doctor released me, and I returned to Grandview on Monday, August 6th around 3am. That afternoon on August 6th I went to work with the intention of being placed back on the schedule. Ms. Lesage told me she was waiting for me to get back to Kansas City to have "the talk". She fired me because I was not yet eligible for FMLA and because the Sisters could not hold my job open. My doctor in Florida released me to work with no restrictions, but Ms. Lesage never even gave me to opportunity to show her my hospital discharge papers. I was ready to work. I was unable to work for less than two weeks because of Emphysema.

I received a Missouri Service Letter from the Sisters dated September 17, 2019. The Sisters told me in the letter, "Your employment was terminated due to your inability to return to work as scheduled. You did not qualify for FMLA due to your length of employment." (See Missouri Service Letter, attached hereto as Exhibit "A"). The Sisters have a non-FMLA leave policy for medical necessities, which they denied me to use, and fired me. I was able to return to work and my hospital discharge papers that I tried to show Ms. Lesage showed no restrictions.

After I filed my charge of discrimination, the EEOC told me that the Sisters also had concerns about my attendance because I "failed to arrive to [my] shift on-time on numerous occasions." This reason was not in their service letter to me. While I was employed, I cared for my cousin who suffers from schizophrenia. I told Ms. Lesage after I was hired that my cousin had schizophrenic episodes that would make me late for my shift. Ms. Lesage told me it was acceptable to be late as long as I was no more than 30-60 minutes late for my shift. I was never told being late for caring for my cousin was a problem until I filed my charge of discrimination with the EEOC.

I believe that I have been discriminated against because of my Emphysema in violation of the Americans with Disabilities Act of 1990, as amended; and in violation of the Missouri Human Rights Act. I also believe that I have been discriminated against because of my association with a person with a disability.

11/7/19

2019 NOV -8 AM 7:29
RECEIVED EEOC
KANSAS CITY AREA OFFICE

Little Sisters of the Poor

JEANNE JUGAN CENTER
8745 James A. Reed Road
Kansas City, MO 64138-4490
(816) 761-4744
www.littlesistersofthepoorkansascity.org

September 17, 2019

Re: Employment with Little Sisters of the Poor

Dear Ms. Taylor,

This letter is to confirm that you were employed as a Certified Nursing Assistant (CNA) with Little Sisters of the Poor from 10/19/2018 to 08/07/2019. Your employment was terminated due to your inability to return to work as scheduled. You did not qualify for FMLA due to your length of employment.

Sincerely,

Kim LeSage

Kim LeSage
Human Resources Director
hrkc@littlesistersofthepoor.org

2019 NOV -8 AM 7:29

EXHIBIT
A

*Making the Elderly happy is what counts.* St. Jeanne Jugan

EEOC Form 161 (11/16)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Lasonya Taylor

From: Kansas City Area Office
Gateway Tower II
400 State Avenue, Suite 905
Kansas City, KS 66101

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2019-03097 | Geoffrey T. Gould, Investigator | (913) 551-6647 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Natascha Deguire,
Area Office Director

NOV 1 3 2019
(Date Mailed)

Enclosures(s)

cc:
John E. Patterson
Attorney
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Rd. #500
Kansas City, MO 64108

Daniel J. Voss
DANIEL J. VOSS, ATTORNEY AT LAW
4723 Terrace St.
Kansas City, MO 64112

EXHIBIT C

Little Sisters of the Poor

JEANNE JUGAN CENTER
8745 James A. Reed Road
Kansas City, MO 64138-4490
(816) 761-4744
www.littlesistersofthepoorkansascity.org

September 17, 2019

Re: Employment with Little Sisters of the Poor

Dear Ms. Taylor,

This letter is to confirm that you were employed as a Certified Nursing Assistant (CNA) with Little Sisters of the Poor from 10/19/2018 to 08/07/2019. Your employment was terminated due to your inability to return to work as scheduled. You did not qualify for FMLA due to your length of employment.

Sincerely,

*Kim LeSage*

Kim LeSage
Human Resources Director
hrkc@littlesistersofthepoor.org

EXHIBIT D

*Making the Elderly happy is what counts. St. Jeanne Jugan*